Lewis DISIBIO, et. al., Plaintiffs–Appellants, Cross–Appellees,

v.

BANK OF OAKLAND, Defendant–Appellee, Cross–Appellant.

No. 01–17100, 01–17206.

D.C. No. CV–00–01764–CRB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 18, 2003.

Decided Aug. 14, 2003.

---

* The Honorable James C. Hill, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

Before REINHARDT, SILER,* and
HAWKINS, Circuit Judges.

* Honorable Eugene E. Siler, Jr., Senior Judge
for the United States Court of Appeals for the
Sixth Circuit, sitting by designation.

MEMORANDUM **

Plaintiffs Lewis, Mary, Nancy, and Guy diSibio appeal the district court's enforcement of an alleged settlement they reached with Defendant Bank of Oakland regarding the terms of their accounts. The Bank cross-appeals, arguing that the district court abused its discretion in not sanctioning the diSibios for refusing to honor the settlement.

I.

In the early nineties the diSibios opened "Cash Accumulator" accounts with the Bank. In 1999, the Bank sent a letter to "Cash Accumulator" accounts holders, announcing that the interest rates would be reduced. Unhappy with the reduced rates, the diSibios filed a lawsuit to enforce their rights under the original account agreements.

The district court referred the case to a magistrate judge for a settlement conference. At the settlement conference, Lewis and Mary diSibio appeared on behalf of the plaintiffs, and Michael Sanford, President and CEO of the Bank, appeared on behalf of the defendant. Each side was represented by counsel. After approximately three hours of negotiating, the magistrate judge went on the record, stating that the parties had "reached a framework which would settle the case." Lewis and Mary diSibio agreed that the terms of the settlement were understood and acceptable.

After the settlement conference, the diSibios refused to sign the settlement document prepared by the Bank. The Bank then filed a motion requesting that the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

district court (1) enforce the oral agreement reached before the magistrate, and (2) sanction the diSibios. The district court granted the motion to enforce the settlement and denied the motion to sanction the diSibios.

On this appeal, the diSibios argue that the district court abused its discretion in enforcing the settlement agreement because (1) the magistrate judge did not have jurisdiction to conduct a settlement conference, (2) the Bank's representative did not have authority to enter into a settlement agreement, (3) the district court should not have considered confidential discussions from the settlement conference, and (4) Nancy and Guy diSibio were not present at the settlement conference.

## II.

"We review a district court's enforcement of a settlement agreement for abuse of discretion." *Doi v. Halekulani Corp.,* 276 F.3d 1131, 1136 (9th Cir.2002).

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near,* 829 F.2d 888, 890 (9th Cir.1987). An agreement to settle a federal case is a contract governed by the applicable state law. *See Kokkonen v. Guardian Life Insurance Co. of Am.,* 511 U.S. 375, 381, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

■ First, the diSibios argue that this oral agreement was not "before the court" because the magistrate judge did not have jurisdiction to conduct the settlement conference. The Federal Magistrate Act provides that "[u]pon the consent of the parties, a full-time United States magistrate judge … may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such

jurisdiction by the district court." 28 U.S.C. § 636(c)(1). In *Roell v. Withrow,* —— U.S. ——, 123 S.Ct. 1696, 155 L.Ed.2d 775 (2003), the Supreme Court found that the "consent" required in this section can be inferred from a party's conduct during litigation. *Id.* at 1699. Here, as in *Roell,* Lewis and Mary diSibio's consent to the referral may be inferred by their appearance and participation in the hearings before the magistrate judge.

■ Second, the diSibios argue that the Bank's representative did not have authority to enter into a settlement agreement. At the settlement conference, the diSibios entered into a contract agreement with the Bank's representative, who was both President and CEO of the Bank. Although the agreement did include a condition subsequent, the parties were otherwise bound by the terms of the agreement.

Third, the diSibios argue that the district court should not have considered confidential discussions from the settlement conference. There is no evidence in the record that the district court considered any confidential discussions from the settlement conference.

■ Fourth, the diSibios argue that any oral settlement reached cannot be enforced against Nancy and Guy, because they did not personally agree to the settlement. Appellate courts generally will not consider arguments not properly raised before the district court. *See O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.),* 887 F.2d 955, 957 (9th Cir.1989). Here, the diSibios waived the issue of whether the failure of two of them to sign invalidates the settlement agreement, as they failed to raise any such objection at the time of the agreement's enforcement.

Finally, the Bank argues that the district court abused its discretion in not ordering sanctions. Here, the decision not

to sanction the diSibios was well within the district court's discretion.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.